**INTER–TRIBAL COUNCIL OF NEVADA, INC., Plaintiff,**

v.

**James WATT, individually and as Secretary of Interior of the United States of America, et al., Defendants.**

**No. Civ. CV–R–82–208 BRT.**

United States District Court, D. Nevada.

Sept. 21, 1984.

Peter J. Sferrazza and Donald K. Pope, Reno, Nev., for plaintiff.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., for government defendants.

Harry W. Swainston, Deputy Atty. Gen., Carson City, Nev., for State defendants.

### MEMORANDUM OPINION AND ORDER

BRUCE R. THOMPSON, District Judge.

This case is before the Court for a ruling on defendants' motions to dismiss the Second Amended Complaint.

The objective of the action is to establish the invalidity of the procedures which led to the conveyance by the United States of America to the State of Nevada of some 50 acres of land formerly a part of the Stewart Indian School property near Carson City, Nevada, and to restore the title to said property to the United States.

■ The plaintiff, Inter-Tribal Council of Nevada, Inc., is an association of 23 Indian tribes with governing bodies recognized by the Secretary of Interior. At the hearing on the motion for a preliminary injunction the Court concluded that the plaintiff was not the "beneficial owner" and was not an "indian tribe" within the meaning of 25 U.S.C. § 293a. After further reflection the Court believes that this conclusion was probably erroneous and that the plaintiff Inter-Tribal Council should be considered to be the appropriate representative of the Indian tribes, if any, deemed to be the beneficial owners of the Stewart Indian School property. Therefore, the plaintiff has standing to represent the rights of the Indians or Indian tribes in any litigation within the jurisdiction of this Court. *Great Lakes Inter-Tribal Council, Inc. v. Voight,* 309 F.Supp. 60 (W.D.Wis.1970).

■ The state defendants Robert List and Richard Bryan, as the former and the present Governor of the State of Nevada, move to dismiss because the State of Nevada has title to the property and is an indispensible party. There seems to be no sound answer to this argument and none has been made. Putting aside, for the moment, the provisions of 25 U.S.C. § 293a, the allegations of the Second Amended Complaint state a case in the nature of an action to quiet title to void a conveyance for fatal irregularities in its implementation. Neither the State of Nevada nor the United States may be sued in this Court in such an action. The State of Nevada has not waived its Eleventh Amendment sovereign immunity. The bar of sovereign immunity cannot be avoided by naming state officials, rather than the state itself as defendants in a so-called "officers suit." Such an action is in reality one against the state. *Block v. North Dakota ex rel. Board of University and School Lands,* 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). With respect to the United States, the waiver of immunity contained in the Quiet Title Act (28 U.S.C. § 2409a) does not apply to trust or restricted Indian lands.

■ If plaintiff can state a claim for relief within the jurisdiction of this Court, it must rely solely upon the enabling provisions of 25 U.S.C. § 293a:

Conveyance of school properties to local school districts or public agencies

The Secretary of the Interior, or his authorized representative, is authorized to convey to State or local governmental agencies or to local school authorities all the right, title, and interest of the United States in any land and improvements thereon and personal property used in connection therewith heretofore or hereafter used for Federal Indian school purposes and no longer needed for such purposes: *Provided,* That the consent of the beneficial owner shall be obtained before the conveyance of title to land held by the United States in trust for an individual Indian or Indian tribe: *Provided further,* That no more than fifty acres of land shall be transferred under the terms of this section in connection with any single school property conveyed to State or local governmental agencies or to local school authorities. Any conveyance under this section shall reserve all mineral deposits in the land and the right to prospect for and remove such deposits under rules and regulations prescribed by the Secretary of the Interior, shall require the property to be used for school or other public purposes, and shall require the property to be available to Indians and non-Indians on the same terms unless otherwise approved by the Secretary of the Interior. If at any time the Secretary of the Interior determines that the grantee of any such lands, improvements, and personal property has

failed to observe the provisions of the transfer agreement and that the failure has continued for at least one year, he may declare a forfeiture of the conveyance and the title conveyed shall thereupon revert to the United States. Such determination by the Secretary of the Interior shall be final. If the grantee of such land fails for a period of one year to observe the provisions of the transfer agreement and the Secretary of the Interior fails to declare a forfeiture of the conveyance, the former beneficial owner, if an individual Indian or an Indian tribe, may petition the United States District Court for the district where the land is located to declare a forfeiture of the conveyance and to vest the title in the United States, in the same trust status as previously existed.

This action may fall within the last sentence of this statute and plaintiff has attempted to state such a claim for relief in that portion of its Second Amended Complaint designated as the Sixth Cause of Action. In such an action, the State of Nevada and the Secretary of Interior are indispensible parties defendant.

■ The State of Nevada has waived its sovereign immunity with respect to an action under section 293a. Here the State made its application pursuant to the authorization of section 293a and accepted a conveyance of the property pursuant to that section. It thereby rendered itself subject to the forfeiture provisions of the statute and waived its sovereign immunity. When Congress has authorized suit against a class of defendants and the state participates in the activity regulated by federal law, Eleventh Amendment immunity is inapplicable. It is waived. *Parden v. Terminal Railway of Alabama*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233; *Mills Music, Inc. v. Arizona*, 591 F.2d 1278 (9th Cir. 1979); *Department of Education State of Hawaii v. Katherine D.*, 727 F.2d 809 (9th Cir.1983).

In consideration of the premises,

IT HEREBY IS ORDERED:

1. The motions to dismiss the Second Amended Complaint are hereby granted.

2. Plaintiff, if so advised, may within twenty (20) days file an amended and supplemental complaint naming the Secretary of Interior and the State of Nevada as the sole parties defendant and stating a claim for relief under 25 U.S.C. § 293a. Leave to add the State of Nevada and serve it with process as a party defendant is granted. If plaintiff elects not to file such an amended and supplemental complaint this action will be dismissed.